IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOSEPH ALEXANDER DANSBY, SR.                                          PLAINTIFF

v.                              Case No. 4:22-cv-04103

SHERIFF DANNY MARTIN;
STEVE OTWELL; KAREN GHORMLEY;
and DAISY SMITH                                                        DEFENDANTS

### **ORDER**

Plaintiff, Joseph Alexander Dansby, Sr., originally filed this 42 U.S.C. § 1983 action *pro se* on October 19, 2022 in the Eastern District of Arkansas. (ECF No. 2). Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP") on the same day. (ECF No. 1). The case was transferred to this Court on October 21, 2022. (ECF No. 3). The Court granted Plaintiff IFP status on October 25, 2022. (ECF No. 6). Currently before the Court is Plaintiff's failure to comply with orders of the Court and prosecute this matter.

On October 16, 2023, Defendants filed their Motion for Summary Judgment, Brief in Support, and Statement of Undisputed Facts ("hereinafter Motion"). (ECF Nos. 33, 34, 35). The Court then entered an Order directing Plaintiff to respond to Defendants' Motion. (ECF No. 36). This Order included the following specific instructions:

> At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means the Response must include legal arguments, as well as affidavits, prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. The affidavit must be based upon the personal knowledge of the person executing the affidavit and must be either: (1) sworn and subscribed by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

> Furthermore, Plaintiff must also separately file a Statement of Disputed Facts, which lists: (a) any disagreement with the specifically numbered factual assertions contained in the Statement of Undisputed Facts filed by the Defendant; and (b) any other disputed facts that must be resolved at a hearing or trial.
>
> If Plaintiff disputes any of the facts set forth by the Defendant in the Statement of Undisputed Facts, each numbered paragraph must be identified that contains the fact in dispute and, for each paragraph identified, explain why there is a dispute.
>
> Plaintiff is advised that if he intends to rely up on any records or exhibits that have been previously filed with the Court, Plaintiff must specifically refer to those documents by ECF document and page numbers. The Court will not sift through the file to find support for the factual contentions. *See Crossley v. Georgia-Pacific Corp.,* 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages in the record that supported his position).

(ECF No. 36). Plaintiff's response was due on November 7, 2023. This Order was not returned as undeliverable mail, and Plaintiff failed to file a response to Defendants' Motion.

On November 9, 2023, the Court entered an Order to Show Cause directing Plaintiff to show cause why Plaintiff failed to comply with the Court's October 17, 2023 Order. (ECF No. 38). This Order to Show Cause was not returned as undeliverable mail, and Plaintiff did not respond by the November 30, 2023 deadline.

Plaintiff did, however, file a Motion to Appoint Counsel on November 20, 2023. (ECF No. 40). Plaintiff argued in this Motion to Appoint that he requested an attorney due to his "ignorance of the summary judgment and statement of undisputed facts." *Id*. The Court denied Plaintiff's Motion to Appoint Counsel but did grant his request for reproduction of discovery documents and for Defendants to resend their Motion to Plaintiff. (ECF Nos. 41, 42). The Court also extended Plaintiff's response deadline for the Motion to December 21, 2023. (ECF No. 42).

Plaintiff did not file his response by December 21, 2023, and the Court entered another Order to Show Cause directing Plaintiff to respond by January 17, 2024. (ECF No. 45). Plaintiff

responded on January 12, 2024 with a Notice of Change of Address. (ECF No. 46). Plaintiff again states in this Notice that he cannot understand the summary judgment motion. *Id*.

On January 29, 2024, the Court entered another order providing Plaintiff an extended deadline to respond to Defendants' Motion. (ECF No. 47). Plaintiff was again advised that failure to respond could result in all facts asserted by Defendants in their Statement of Undisputed Facts to be deemed admitted and cause the dismissal of his case. *Id*. Plaintiff has not responded to this Order or communicated with the Court since January 12, 2024. (ECF No. 46).

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. Fed. R. Civ. P. 41(b); *Brown*, 806 F.2d at 803. In considering a

Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

Here, Plaintiff has failed to prosecute this case and comply with the Court's Orders. Furthermore, Plaintiff has clearly exhibited willful disobedience of the Court's Orders to respond to Defendants' summary judgment motion. Plaintiff was provided five separate opportunities to respond. He was also given extensions on the response time in each of these orders as well as additional copies of discovery and Defendants' Motion. Finally, Plaintiff was provided with detailed guidance on the procedural requirements for his response.

Moreover, Plaintiff may not use his lack of counsel as an excuse to ignore the Court's Orders. *Pro se* litigants do not have a statutory or constitutional right to appointed counsel in civil litigation. *See Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). United States Magistrate Judge Barry A. Bryant twice considered Plaintiff's need for counsel (ECF Nos. 25, 42). On both occasions, Judge Bryant rightly considered Plaintiff's need for an attorney, the likelihood that Plaintiff would benefit from assistance of counsel, the factual and legal complexity of the case, and whether Plaintiff had the ability to investigate and present his case. *See Patterson v. Kelley*,

4

902 F.3d 845, 849-50 (8th Cir. 2018) (explaining the discretion afforded the trial judge in determining whether representation is warranted). Judge Bryant determined that Plaintiff was capable of prosecuting his claims without appointed counsel at the summary judgment stage of this litigation. (ECF No. 42). Plaintiff has failed to produce any evidence to the contrary. Instead, he simply refuses to prosecute this matter and comply with the Court's Orders.

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that Plaintiff's Complaint (ECF No. 2) should be and hereby is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 20th day of June, 2024.

                                          /s/ Susan O. Hickey
                                          Susan O. Hickey
                                          Chief United States District Judge